John J. Edmonds (State Bar No. 274200)
    jedmonds@ip-lit.com
COLLINS EDMONDS
**COLLINS, EDMONDS & SCHLATHER, PLLC**
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 973-7846
Facsimile: (213) 835-6996

Attorneys for Plaintiff,
CELLSPIN SOFT INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>FITBIT, INC.,<br><br>  Defendant. | Case No. 4:17-cv-05928-YGR<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Oral Hearing: March 6, 2018, 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Honorable Yvonne G. Rogers |
| v.<br><br>MOOV, INC.,<br><br>  Defendant. | Case No. 4:17-cv-05929-YGR<br>(RELATED CASE)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Oral Hearing: March 6, 2018, 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Honorable Yvonne G. Rogers |
| v.<br><br>FOSSIL GROUP, INC. ET AL.,<br><br>  Defendants. | Case No. 4:17-cv-05933-YGR<br>(RELATED CASE)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Oral Hearing: March 6, 2018, 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Honorable Yvonne G. Rogers |

| | |
|---|---|
| 1<br>2 v.<br>3 NIKE, INC.,<br>4<br>5 Defendant.<br>6 | Case No. 4:17-cv-05931-YGR<br>(RELATED CASE)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Oral Hearing: March 6, 2018, 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Honorable Yvonne G. Rogers |
| 7 v.<br>8<br>9 CANON U.S.A., INC.,<br>10 Defendant.<br>11 | Case No. 4:17-cv-05938-YGR<br>(RELATED CASE)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Oral Hearing: March 6, 2018, 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Honorable Yvonne G. Rogers |
| 12<br>13 v.<br>14 GOPRO, INC.,<br>15<br>16 Defendant.<br>17 | Case No. 4:17-cv-05939-YGR<br>(RELATED CASE)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Oral Hearing: March 6, 2018, 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Honorable Yvonne G. Rogers |
| 18 v.<br>19<br>20 PANASONIC CORPORATION OF NORTH AMERICA,<br>21<br>22 Defendant.<br>23 | Case No. 4:17-cv-05941-YGR<br>(RELATED CASE)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Oral Hearing: March 6, 2018, 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Honorable Yvonne G. Rogers |
| 24 v.<br>25 JK IMAGING, LTD.,<br>26<br>27 Defendant.<br>28 | Case No. 4:17-cv-06881-YGR<br>(RELATED CASE)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Oral Hearing: March 6, 2018, 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Honorable Yvonne G. Rogers |

**TO THE HONORABLE COURT AND EACH PARTY AND COUNSEL OF RECORD FOR EACH PARTY:**

Plaintiff, Cellspin Soft, Inc. ("Cellspin"), hereby respectfully submits this Notice of Supplemental Authority in support of its Opposition to Defendants' Omnibus § 101 Motion, which is set for hearing before this Court on March 6, 2018. Attached hereto as Exhibit A is a copy of *Berkheimer v. HP Inc.*, No. 2017-1437, 2018 WL 774096 (Fed. Cir. Feb. 8, 2018). Attached hereto as Exhibit B is a copy of *Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 2017-1452, 2018 WL 843288 (Fed. Cir. Feb. 14, 2018). Both opinions were issued after Cellspin filed its Response to Defendants' Omnibus § 101 Motion on January 30, 2018.

These cases are relevant to this case, including because they are relevant to this Court's analysis in deciding patent eligibility on a motion to dismiss when factual disputes exist. The pending § 101 motion alleges that the claimed features are well-understood, routine, and conventional. However, "[w]hether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination." *Berkheimer*, 2018 WL 774096 at *5. "Whether a particular technology is well-understood, routine, and conventional goes beyond what was simply known in the prior art." *Id*. "The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional." *Id*. "The improvements in the specification, to the extent they are captured in the claims, create a factual dispute regarding whether the invention describes well-understood, routine, and conventional activities" *Id*. at *6. In *Berkheimer*, the Federal Circuit found "summary judgment [on 101] was improper, given the fact questions." *Id*. at *8. Similarly, the court in *Aatrix* held that "patent eligibility can be determined at the Rule 12(b)(6) stage…only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." 2018 WL 843288, at *2. Here, as noted in Cellspin's Response to the pending Motion, such factual disputes exist.

Dated: February 16, 2018　　　　　**COLLINS EDMONDS & SCHLATHER, PLLC**

By: */s/ John J. Edmonds*
JOHN J. EDMONDS
State Bar No. 274200

*Attorneys for Plaintiff,
CELLSPIN SOFT INC.*

Of counsel:

Shea N. Palavan (*pro hac vice* to be filed)
spalavan@ip-lit.com
Brandon G. Moore (*pro hac vice*)
bmoore@ip-lit.com
**COLLINS, EDMONDS &
SCHLATHER, PLLC**
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-5291
Facsimile: (832) 415-2535