# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CELLSPIN SOFT, INC.,**<br><br>        Plaintiff,<br><br>        **v.**<br><br>**CANON U.S.A., INC.,**<br><br>        Defendant. | **CASE NO.** 17-cv-05938-YGR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**\* As Modified by the Court \*** |
| **CELLSPIN SOFT, INC.,**<br><br>        Plaintiff,<br><br>        **v.**<br><br>**FITBIT, INC.,**<br><br>        Defendant. | **CASE NO.** 17-cv-05928-YGR |
| **CELLSPIN SOFT, INC.,**<br><br>        Plaintiff,<br><br>        **v.**<br><br>**MOOV, INC.,**<br><br>        Defendant. | **CASE NO.** 17-cv-05929-YGR |
| **CELLSPIN SOFT, INC.,**<br><br>        Plaintiff,<br><br>        **v.**<br><br>**ADIDAS AMERICA, INC.,**<br><br>        Defendant. | **CASE NO.** 17-cv-05930-YGR |

| | |
|---|---|
| **CELLSPIN SOFT, INC.,** | |
| Plaintiff, | |
| v. | **CASE NO.** 17-cv-05931-YGR |
| **NIKE, INC.,** | |
| Defendant. | |
| **CELLSPIN SOFT, INC.,** | |
| Plaintiff, | |
| v. | **CASE NO.** 17-cv-05932-YGR |
| **UNDER ARMOR, INC.,** | |
| Defendant. | |
| **CELLSPIN SOFT, INC.,** | |
| Plaintiff, | |
| v. | **CASE NO.** 17-cv-05933-YGR |
| **FOSSIL GROUP, INC.,** | |
| Defendant. | |
| **CELLSPIN SOFT, INC.,** | |
| Plaintiff, | |
| v. | **CASE NO.** 17-cv-05934-YGR |
| **GARMIN INTERNATIONAL, INC. ET AL.,** | |
| Defendant. | |
| **CELLSPIN SOFT, INC.,** | |
| Plaintiff, | |
| v. | **CASE NO.** 17-cv-05936-YGR |
| **NIKON AMERICAS, INC. ET AL.,** | |
| Defendant. | |

<table>
<tr><td>

**CELLSPIN SOFT, INC.,**

     Plaintiff,

    **v.**

**GOPRO, INC.,**

    Defendant.

</td><td>

**CASE NO.** 17-cv-05939-YGR

</td></tr>
<tr><td>

**CELLSPIN SOFT, INC.,**

     Plaintiff,

    **v.**

**PANASONIC CORPORATION OF NORTH AMERICA,**

    Defendant.

</td><td>

**CASE NO.** 17-cv-05941-YGR

</td></tr>
<tr><td>

**CELLSPIN SOFT, INC.,**

    **PLAINTIFF,**

    **v.**

**JK IMAGING LTD.,**

    Defendant.

</td><td>

**CASE NO.** 17-cv-06881-YGR

</td></tr>
</table>

1.   <u>PURPOSES AND LIMITATIONS</u>

     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that

are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designated House Counsel</u>: House Counsel who seek access to "CONFIDENTIAL" information in this matter.

2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an

employee of a Party or of a Party's competitor.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by
less restrictive means.

2.10 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.

2.13 Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18 This Action or This Litigation: the above-captioned case only.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

For clarity, nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or Experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Designating Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers, directors, employees, attorneys, consultants or Experts, or to any other person, which information has been filed under seal by another Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

(see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing,

or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any

other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. **If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.**

**In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.**

**The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the**

**confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.**

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. Absent further Order from the Court, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including Designated House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information, or a custodian or other person who is shown to have otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and

Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information, or a custodian or other person who is shown to have otherwise possessed or knew the information.

7.4  Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement, and can opt to designate confidential aspects of the disclosure as Protected Material under this Protective Order. However, nothing herein shall require an Expert to disclose anything privileged, namely work performed as a consulting expert that has not been disclosed in another lawsuit.

at a deposition or trial, during the preceding five years.[2]

   (b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. There shall be no disclosure of Protected Material to such individual pending resolution of the objection.

   (c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

   In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its or Expert.

   //

---

[2] If, after being cleared to view Protected Material, an Expert intends to perform work or consult for an entity reasonably believed in good faith by the Expert to be a competitor of a Producing Party, the Expert must promptly disclose this information to counsel who retained the Expert in this Action. Counsel must then promptly disclose in writing to Producing Party the name, address of the competitor and a description of the subject matter of the anticipated work and cooperate with opposing counsel to promptly raise the issue with the Court if there is an objection.

8. PROSECUTION BAR

Absent written consent from the Producing Party, any individual employed by, or related to, or representing the Plaintiff, who receives access to another Party's "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information pursuant to this Order shall not be involved in the prosecution of patents or patent applications relating to: 1) wireless-enabled wearable devices that receive and/or collect data relating to health and/or fitness from a user; (2) digital media devices, including but not limited to digital cameras and camcorders, capable of receiving, transferring, and uploading images and/or data to a mobile phone, a tablet, an internet server or website; or (3) the patents asserted in this Action and any patent or application claiming priority or otherwise related to the patents asserted in this Action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, these prohibitions are not intended to and shall not preclude Counsel and members of its firm from participating in reexamination, reissue proceedings, *inter partes* review proceedings, or post-grant proceedings on behalf of a party challenging or defending the validity of any patent, but are intended to preclude patentee's Counsel and members of its firm from advising on, consulting on, participating in, preparing, drafting, editing or otherwise making any claim amendments in reexamination, reissue proceedings, *inter partes* review proceedings, or post-grant proceedings. This Prosecution Bar shall begin when access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this Action.

9. SOURCE CODE

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE

CODE" if it comprises or includes confidential, proprietary or trade secret source code. Production or designation of HIGHLY CONFIDENTIAL - SOURCE CODE shall not be construed as a representation or admission by a party that HIGHLY CONFIDENTIAL - SOURCE CODE is properly discoverable in this action, nor does the inclusion of HIGHLY CONFIDENTIAL - SOURCE CODE as part of this agreement obligate any party to produce HIGHLY CONFIDENTIAL - SOURCE CODE. For absence of doubt, the Producing Party need not produce executable or native code absent agreement by the Parties or by further Court Order, provided that the corresponding source code is made available.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 A.M. to 5:00 P.M. local time), or at other mutually agreeable times, on ten (10) calendar days written (including email) notice for the first request and three (3) business days' written (including email) notice for subsequent requests at an office of the Producing Party's counsel, or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. Recording devices, recordable media, or other electronic devices (including but not limited to sound recorders, computers, PDAs, landline or cellular telephones, smartphones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, BlackBerry® devices, or Dictaphones) shall not be permitted inside the secure room containing source code. The

Receiving Party may request a separate "breakout" room where such devices may be used.

(d)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The Receiving Party shall maintain a paper log indicating the names of any individuals inspecting the source code, including dates and times of inspection, and the names of any individuals to whom paper copies of portions of the source code are provided. This shall be produced upon request.

(e)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall have up to three (3) business days to provide the Receiving Party with the requested paper copies. No more than 20 consecutive pages, 20 lines of code per page, or more than 300 pages total, of source code for any software release of source code produced by any one Producing Party shall be printed without prior written approval of the Producing Party, except that if the Receiving Party believes, in good faith, that further pages are necessary, the parties shall meet and confer to resolve the issue in good faith without the need for Court intervention. For the purpose of requesting paper copies of portions of the source code, Plaintiff may identify such portions by saving them in an electronic portable document format using the virtual printer that is provided in the source code room. For the avoidance of doubt, a "page" for purposes of this section will be defined as an 8.5 by 11 inch sheet of paper using 12-point font and a single-spaced line spacing. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE" and will deliver them to Receiving Party within 3 business days of a request to print unless objected to, any such objection to be addressed in accordance with the procedures outlined in this paragraph. The Producing Party may challenge the amount of source code

requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. However, no more than one hundred (100) pages of source code for any software release may be in printed form in the Receiving Party's possession at any one time, absent good cause shown. In order to stay within the one hundred (100) page limit, the Receiving Party must first: (1) securely destroy and certify to the Producing Party in writing the fact of such destruction; or (2) return previously printed source code to counsel for the Producing Party. The Receiving Party shall ensure that any printed copies of source code are stored in a secured locked area in the offices of Receiving Party's outside counsel. Receiving Party shall not request Source Code be printed for the purpose of reviewing blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code computer in good faith before making a determination on whether printing portions of code is necessary. If Receiving Party reasonably determines that additional pages of Source Code printouts beyond the 300 total pages are necessary, or if Producing Party has any objection to the printing of Source Code for any reason, the parties agree to meet and confer promptly in good faith. Producing Party shall bear the burden to show good cause why it should not produce the requested pages or printouts, and shall move the Court for a protective order within five (5) business days of its objection showing why it should not print the requested pages or printouts. If, five (5) business days after receipt of Receiving Party's written notice of its request for more printing or pages, Producing Party has neither consented, nor brought a motion for protective order, Producing Party is deemed to waive any objection, and Receiving Party will be permitted the additional pages or printing.

(f)     The Receiving Party shall be permitted to make up to five (5) photocopies of Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the Receiving Party shall include the photocopies on the log discussed in paragraph 9(f) above. For purposes of clarification, and without limiting the foregoing, the Receiving Party may not create, use, access, or receive

electronic images, photographic images, or any other images, of the source code made from paper copy; the paper copy may not be converted into an electronic document; and the paper copy may not be scanned using optical character recognition technology.

(g)     The Receiving Party's outside counsel and/or Expert shall be entitled to take handwritten or typed notes relating to the source code on a stand-alone computer, with MSWord loaded thereon, provided by Producing Party, provided that the Receiving Party shall not take notes containing any portion of source code files. Such notes shall themselves thereafter be deemed "HIGHLY CONFIDENTIAL – SOURCE CODE" for all purposes and provisions herein, except that the Receiving Party's outside counsel and/or Expert may keep the original of such notes (but such originals shall be subject to all restrictions placed on copies in the possession of the Receiving Party included within this Protective Order) and the Receiving Party may load and download working documents and notes using a USB drive to the provided computer. However, upon good cause, the Receiving Party may challenge the arrangement.

(h)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case with the advance written consent of the Producing Party, which consent shall not be unreasonably withheld. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. The Receiving Party shall provide at least one (1) business day's notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" material in a Court filing or pleading, or before using

"HIGHLY CONFIDENTIAL – SOURCE CODE" material during a deposition, except for good cause shown. The Receiving Party shall take all necessary steps to maintain the confidentiality of "HIGHLY CONFIDENTIAL – SOURCE CODE," including, but not limited to, filing such material under seal using at least the following minimum protections in making the filing: (i) the Receiving Party will make a good faith effort to rely on expert declarations or other means to describe the relevant feature or functionality of the source code (including by identifying the corresponding production number(s) and line number(s) of the reference source code), rather than by copying portions of the source code into a filing, to the extent possible; (ii) if any portion of source code is included in a filing, the Receiving Party will copy the minimal amount of source code that is reasonably deemed necessary for purposes of that filing; (iii) the filing will be made only under seal, and all confidential information concerning the source code must be redacted or removed in any public versions of the filed documents; and (iv) the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of source code in connection with a filing must at all times be limited solely to individuals who are expressly authorized to view source code under the provisions of this Protective Order, and all such individuals must be identified on the log as an inspector of the source code in accordance with this Protective Order.

(i) Source Code material, in whatever form, including as an excerpt or in a Source Code Document, shall not be transmitted (e.g., by email) or taken outside the territorial United States without the express prior written consent of the Producing Party;

(j) Court reporters and/or videographers shall not retain or be given copies of any portions of Source Code, all of which shall be maintained by deposing counsel under the secure conditions required herein. If any portion of Source Code Material or Source Code Document is used during a deposition, the deposition record will identify the exhibit containing any Source Code Material by its production numbers only, and those pages of the deposition transcript containing any HIGHLY CONFIDENTIAL - SOURCE CODE shall be deemed designated HIGHLY CONFIDENTIAL - SOURCE CODE until further specifically

designated in accordance with this Order. To the extent any portion of Source Code material is quoted in any document or transcript such as a Source Code document, either the entire document or transcript will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or those pages containing any HIGHLY CONFIDENTIAL - SOURCE CODE will be separately bound, designated, and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

(k)     Source Code material may only be transported by Receiving Party at the direction of a person authorized under this Protective Order to another person authorized under this Protective Order, on paper or removable electronic media in permitted circumstances as set forth herein (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry. Source Code material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, unless as contained in draft or final versions of any court filings or expert reports provided that it is maintained on a password-protected computer.

(l) The Parties further reserve the right to modification of the above source code limitations as necessary.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

description of the information requested; and

     3. make the information requested available for inspection by the Non-Party.

    (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

    The inadvertent or mistaken production of any Disclosure or Discovery Material by a Producing Party, without the designation required under Section 5 ("DESIGNATING

PROTECTED MATERIAL"), above, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific discovery produced or as to any other discovery relating thereto or on the same related subject matter. Documents containing confidential or secret information inadvertently or unintentionally produced without being designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" may be retroactively designated by notice in writing of the designated class of each document by bates number or other appropriate identification and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Such notice of retroactive designation shall be made within ten (10) days of discovery by the Producing Party that inadvertently failed to properly designate the document(s).

To the extent that, prior to such notice, the Receiving Party may have disclosed the document or information to persons other than the persons permitted to receive the information pursuant to Paragraph 7 above, the Receiving party shall not be deemed to have violated the Protective Order, but shall make reasonable efforts to retrieve any document or information promptly from such person and to limit any further disclosure pursuant to this Protective Order and shall promptly notify the Producing Party in writing of the possible disclosure to persons other than the persons permitted to receive the information pursuant to Paragraph 7 above.

The production by a Party herein shall not be deemed a waiver of any right by the Producing Party to object to the admissibility of such document or thing on grounds of relevance, materiality, privilege, or other valid ground of objection.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    <u>MISCELLANEOUS</u>

     14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

     14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

     14.3 <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

     14.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

15.    <u>FINAL DISPOSITION</u>

     Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy

such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, provided that Counsel are not required to delete privileged and/or work product emails that may contain Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). The limitation to one archival copy shall not mean that outside counsel must review email or correspondence to eliminate duplication. Outside Counsel of Record, however, must destroy or return document productions that contain Protected Material, and must destroy all Source Code material and may not include it in its archives. In addition, this provision does not require the Receiving Party to search through or delete automatically generated computer backup files that are created for disaster recovery purposes (*e.g.*, computer backup tapes), if such files are not readily accessible.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: <u>February 23, 2018</u>         <u>*/s/ John J. Edmonds*</u>
                                        Attorneys for Plaintiff

DATED: February 23, 2018          /s/ Dalia B. Kothari
                                  Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  February 27, 2018
                                  YVONNE GONZALEZ ROGERS
                                  UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC., | |
|     Plaintiff, | Case No. 4:17-cv-05933-YGR |
| v. | |
| FOSSIL GROUP, INC. ET AL, | **ACKNOWLEDGEMENT AND** |
|     Defendants. | **AGREEMENT TO BE BOUND** |

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

1    I further agree to submit to the jurisdiction of the United States District

2  Court for the Northern District of California for the purpose of enforcing the terms

3  of this Stipulated Protective Order, even if such enforcement proceedings occur after

4  termination of this action.

5    I hereby appoint _____ [print or type full

6  name] of _____ [print or type full address

7  and telephone number] as my California agent for service of process in connection

8  with this action or any proceedings related to enforcement of this Stipulated

9  Protective Order.

10

11 Date: _____

12 City and State where sworn and signed: _____

13

14 Printed name:  _____
15                          [printed name]
16
17 Signature:     _____
18                          [signature]

19

20

21

22

23

24

25

26

27

28