John J. Edmonds (State Bar No. 274200)
  jedmonds@ip-lit.com
COLLINS EDMONDS
**COLLINS, EDMONDS & SCHLATHER, PLLC**
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 973-7846
Facsimile: (213) 835-6996

Attorneys for Plaintiff,
CELLSPIN SOFT INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FITBIT, INC.,<br><br>    Defendant. | Case No. 4:17-cv-05928-YGR<br><br>**JOINT STIPULATION AND STATEMENT REGARDING DISCOVERY** AND ORDER |
| v.<br><br>MOOV INC.,<br><br>    Defendant. | Case No. 4:17-cv-05929-YGR<br>(RELATED CASE) |
| v.<br><br>ADIDAS AMERICA, INC.,<br><br>    Defendant. | Case No. 4:17-cv-05930-YGR<br>(RELATED CASE) |
| v.<br><br>NIKE, INC.,<br><br>    Defendant. | Case No. 4:17-cv-05931-YGR<br>(RELATED CASE) |
| v.<br><br>UNDER ARMOUR, INC.,<br><br>    Defendant. | Case No. 4:17-cv-05932-YGR<br>(RELATED CASE) |
| v.<br><br>FOSSIL GROUP, INC. ET AL., | Case No. 4:17-cv-05933-YGR<br>(RELATED CASE) |

| | |
|---|---|
| Defendants. | |
| v. | |
| GARMIN INTERNATIONAL, INC. ET AL., <br><br> Defendants. | Case No. 4:17-cv-05934-YGR <br> (RELATED CASE) |
| v. <br><br> NIKON AMERICAS, INC. ET AL., <br><br> Defendants. | Case No. 4:17-cv-05936-YGR <br> (RELATED CASE) |
| v. <br><br> CANON U.S.A., INC., <br><br> Defendant. | Case No. 4:17-cv-05938-YGR <br> (RELATED CASE) |
| v. <br><br> GOPRO, INC., <br><br> Defendant. | Case No. 4:17-cv-05939-YGR <br> (RELATED CASE) |
| v. <br><br> PANASONIC CORPORATION OF NORTH AMERICA, <br><br> Defendant. | Case No. 4:17-cv-05941-YGR <br> (RELATED CASE) |
| v. <br><br> JK IMAGING LTD., <br><br> Defendant. | Case No. 4:17-cv-06881-YGR <br> (RELATED CASE) |

Plaintiff, Cellspin Soft, Inc. ("Cellspin" or "Plaintiff"), and the above-named Defendants, Fitbit, Moov, adidas, Nike, Under Armour, Fossil, Misfit, Garmin, Canon, GoPro, Panasonic, JK Imaging, and Nikon (collectively "Defendants"), in the above-styled related cases, by and through their respective counsel of record, hereby respectfully file this Stipulation and Statement Regarding Discovery pursuant to the Court's instructions at its February 29, 2018 scheduling conference and pursuant to the Court's Case Management

Orders filed in each respective case on February 2, 1018, hereby stipulate and state as follows:

WHEREAS, during the Court's February 29, 2018 Initial Case Management Conference on February 29, 2018;

WHEREAS during the scheduling conference and in this Court's Order, the Court instructed the parties to submit "either: (a) written stipulation with regards to discovery or (b) a one-page Joint Statement setting forth an explanation for their failure to comply."; (*See, e.g.,* Doc. 44 in *Fitbit* case, 17-cv-05928-YGR; the "Order")

WHEREAS the parties agree and stipulate that Pleadings in each related case be allowed to be amended, without the need for leave of Court, up to, and including, June 5, 2018;

WHEREAS the parties agree and stipulate that the limits on discovery in each related case shall proceed separately in each case pursuant to the presumptive limits in the Federal Rules of Civil Procedure, except that the number of Requests for Admission in each related case shall be limited to fifty (50) per party, not including requests for the purpose of establishing the genuineness of documents or that documents are kept in the ordinary course of business, which would not be limited;[1]

WHEREAS Cellspin contends there is a dispute between the parties on the issue of written discovery.

Pursuant to this Court's Order, the Parties submit the following one-page joint statement regarding the failure to stipulate as follows:

**Plaintiff's Statement:**

At the hearing, various dispute were discussed, including over Defendants' responses to discovery. This Court ordered either: (a) written stipulation or (b) Joint Statement for failure to comply. While agreement on some issues was reached, as noted above, a dispute remains regarding discovery. Plaintiff understands the Order to require actual responses to pending requests, subject to any legitimate objections, including under PR 2-5 which Defendants' cited at the hearing. Defendants contend the Order only requires objections, not substantive

---

[1] The Parties had disagreed upon deposition limits for each respective case, but at the Court's February 29, 2018 Initial Case Management Conference it ruled that each side in each respective case may take up to twenty (20) depositions each, in each respective case.

responses, must be served. *See, e.g.,* Exhibit 1. Despite multiple meet and confers over this, Defendants, the first time at 3:49 p.m. today, contended this matter should have been addressed under a Standing Order instead. However, this dispute is within the discovery matters covered by the Order, Defendants have stated their intention to not comply, and their non-responses will be served prior to the March 2nd hearing. After losing their motion to stay discovery, they now intend to defy the Order requiring their responses, via intentional misreading, and further attempt to delay the Court addressing this ripe issue – effectively achieving the denied relief. The Court should issue a supplemental Order correcting their willful misreading of its Order.

**Defendants' Statement:**

Defendants do not believe that any dispute over Cellspin's written discovery should be raised as part of this stipulation. First, the issues raised by Cellspin are not ripe for resolution because Defendants' objections are not due until February 26, 2018. Second, Cellspin has not complied with the procedures set forth in Section 8 the Court's Standing Order in Civil Cases regarding discovery disputes. Cellspin's attempt to raise a discovery dispute before receiving Defendants' responses and objections and before undergoing the meet and confer process is improper.

NOW, THEREFORE, Cellspin and Defendants hereby respectfully stipulate and propose, through their respective counsel, that

- Pleadings in each related case be allowed to be amended, without the need for leave of Court, up to, and including, June 5, 2018; and
- the limits on discovery in each related case shall proceed pursuant to the presumptive limits in the Federal Rules of Civil Procedure, except that the number of Requests for Admission in each related case shall be limited to fifty (50) per party, not including requests for the purpose of establishing the genuineness of documents or that documents are kept in the ordinary course of business, which would not be limited; and
- the number of depositions per side in each related case shall be limited to twenty (20) depositions.

| | | |
|---|---|---|
| Dated: February 23, 2018 | */s/ John J. Edmonds* | |
| | Counsel for Plaintiff,<br>Cellspin Soft, Inc. | |
| Dated: February 23, 2018 | */s/ Shane Brun* | |
| | Counsel for Defendant,<br>Fitbit, Inc. | |
| Dated: February 23, 2018 | */s/ Shane Brun* | |
| | Counsel for Defendant,<br>Moov Inc. | |
| Dated: February 23, 2018 | */s/ Matias Ferrario* | |
| | Counsel for Defendant,<br>adidas America, Inc. | |
| Dated: February 23, 2018 | */s/ Amy Walters* | |
| | Counsel for Defendant,<br>Nike, Inc. | |
| Dated: February 23, 2018 | */s/ George D. Moustakas* | |
| | Counsel for Defendant,<br>Under Armour, Inc. | |
| Dated: February 23, 2018 | */s/ Dalia B. Kothari* | |
| | Counsel for Defendants,<br>Fossil Group, Inc. and Misfit, Inc. | |
| Dated: February 23, 2018 | */s/ Rachael Lamkin* | |
| | Counsel for Defendants,<br>Garmin International, Inc. and Garmin USA, Inc. | |
| Dated: February 23, 2018 | */s/ Jacob A. Schroeder* | |
| | Counsel for Defendants,<br>Nikon Americas, Inc. and Nikon, Inc. | |
| Dated: February 23, 2018 | */s/ Jeffrey Ung* | |
| | Counsel for Defendant,<br>Canon U.S.A., Inc. | |
| Dated: February 23, 2018 | */s/ Daniel T. McCloskey* | |
| | Counsel for Defendant,<br>GoPro Inc. | |
| Dated: February 23, 2018 | */s/ Jason Yu* | |
| | Counsel for Defendant,<br>Panasonic Corporation of North America | |
| Dated: February 23, 2018 | */s/ Daniel Kiang* | |
| | Counsel for Defendant,<br>JK Imaging | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FITBIT, INC.,<br><br>    Defendant. | Case No. 4:17-cv-05928-YGR<br><br>**[**~~PROPOSED~~**] ORDER RE:**<br><br>**JOINT STIPULATION AND STATEMENT REGARDING DISCOVERY** |
| v.<br><br>MOOV INC.,<br><br>    Defendant. | Case No. 4:17-cv-05929-YGR<br>(RELATED CASE) |
| v.<br><br>ADIDAS AMERICA, INC.,<br><br>    Defendant. | Case No. 4:17-cv-05930-YGR<br>(RELATED CASE) |
| v.<br><br>NIKE, INC.,<br><br>    Defendant. | Case No. 4:17-cv-05931-YGR<br>(RELATED CASE) |
| v.<br><br>UNDER ARMOUR, INC.,<br><br>    Defendant. | Case No. 4:17-cv-05932-YGR<br>(RELATED CASE) |
| v.<br><br>FOSSIL GROUP, INC. ET AL., | Case No. 4:17-cv-05933-YGR<br>(RELATED CASE) |

|   |   |
|---|---|
| Defendants. | |
| v.<br><br>GARMIN INTERNATIONAL, INC. ET AL.,<br><br>Defendants. | Case No. 4:17-cv-05934-YGR<br>(RELATED CASE) |
| v.<br><br>NIKON AMERICAS, INC. ET AL.,<br><br>Defendants. | Case No. 4:17-cv-05936-YGR<br>(RELATED CASE) |
| v.<br><br>CANON U.S.A., INC.,<br><br>Defendant. | Case No. 4:17-cv-05938-YGR<br>(RELATED CASE) |
| v.<br><br>GOPRO, INC.,<br><br>Defendant. | Case No. 4:17-cv-05939-YGR<br>(RELATED CASE) |
| v.<br><br>PANASONIC CORPORATION OF NORTH AMERICA,<br><br>Defendant. | Case No. 4:17-cv-05941-YGR<br>(RELATED CASE) |
| v.<br><br>JK IMAGING LTD.,<br><br>Defendant. | Case No. 4:17-cv-06881-YGR<br>(RELATED CASE) |

Having reviewed and considered the Stipulation and Proposal of Plaintiff, Cellspin Soft, Inc. ("Cellspin"), and Defendants, Fitbit, Moov, adidas, Nike, Under Armour, Fossil, Misfit, Garmin, Canon, GoPro, Panasonic, JK Imaging, and Nikon, and upon good cause shown, **PURSUANT TO STIPULATION, IT IS HEREBY ORDERED** that:

- Pleadings in each related case be allowed to be amended, without the need for leave of Court, up to, and including, June 5, 2018;
- the limits on discovery in each related case shall proceed pursuant to the presumptive

limits in the Federal Rules of Civil Procedure, except that

    a. the number of Requests for Admission in each related case shall be limited to fifty (50) per party, not including requests for the purpose of establishing the genuineness of documents or that documents are kept in the ordinary course of business, which would not be limited; and

    b. the number of depositions per side in each related case shall be limited to twenty (20) depositions.

Further, with respect to the Defendants' responses to Plaintiff's outstanding discovery requests, the Court herby clarifies its February 2, 2018, Case Management and Pretrial Order, as follows: As discussed during the CC the rules provide for objections when responses are premature. The parties need only comply with the rules.

**IT IS SO ORDERED.**

THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

DATED this 5th day of March, 2018.