# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CELLSPIN SOFT, INC.,**<br>    Plaintiff,<br>  **vs.**<br>**FITBIT, INC.,**<br>    Defendant. | **Case No.: 4:17-CV-5928-YGR**<br>**ORDER GRANTING IN PART MOTIONS FOR ATTORNEY'S FEES**<br>RE: Dkt. No. 85 |
| **CELLSPIN SOFT, INC.,**<br>    Plaintiff,<br>  **vs.**<br>**MOOV, INC.,**<br>    Defendant. | **Case No.: 4:17-CV-5929-YGR**<br>RE: Dkt. No. 73 |
| **CELLSPIN SOFT, INC.,**<br>    Plaintiff,<br>  **vs.**<br>**NIKE, INC.,**<br>    Defendant. | **Case No.: 4:17-CV-5931-YGR**<br>RE: Dkt. No. 73 |
| **CELLSPIN SOFT, INC.,**<br>    Plaintiff,<br>  vs.<br>**FOSSIL GROUP, INC. ET AL,**<br>    Defendants. | **Case No.: 4:17-CV-5933-YGR**<br>RE: Dkt. No. 92 |

|   |   |
|---|---|
| **CELLSPIN SOFT, INC.,** | **Case No.: 4:17-CV-5938-YGR** |
| Plaintiff, | RE: Dkt. No. 79 |
| vs. |   |
| **CANON U.S.A., INC.,** |   |
| Defendant. |   |
| **CELLSPIN SOFT, INC.,** | **Case No.: 4:17-CV-5939-YGR** |
| Plaintiff, | RE: Dkt. No. 76 |
| vs. |   |
| **GOPRO, INC.,** |   |
| Defendant. |   |

On April 3, 2018, the Court granted an omnibus motion to dismiss filed by defendants Fitbit, Inc. ("Fitbit"); Moov, Inc. ("Moov"); Nike, Inc. ("Nike"); Fossil Group, Inc. and Misfit, Inc. (collectively, "Fossil"); Garmin International, Inc. ("Garmin"); Cannon U.S.A., Inc. ("Cannon"); GoPro, Inc. ("GoPro"); Panasonic Corporation of America ("Panasonic"); and JK imagining LTD ("JK") (collectively, "Omnibus Defendants") on the grounds that the patents asserted by plaintiff Cellspin Soft, Inc. ("Cellspin") are not patent eligible under 35 U.S.C. Section 101. (Dkt. No. 79 ("MTD Order").)[1] Thereafter, defendants Fitbit, Moov, Nike, Fossil, Canon, and GoPro (collectively, "Moving Defendants") filed six separate motions for attorney's fees pursuant to 35 U.S.C. Section 285 on the grounds that Cellspin's actions for patent infringement are "exceptional" under the same. (*see e.g.*, Dkt. No. 85 ("Motion").)[2] Moving Defendants seek fees totaling $881,051.56. Cellspin opposes the motions. (Dkt. No. 91 ("Opp.").)

---

[1] Unless stated otherwise, all citations to docket entries refer to *Cellspin Soft Inc. v. Fitbit, Inc.*, 17-cv-05928-YGR.

[2] *See also* Case No. 17-cv-3829, Dkt. No. 73 ("Moov Motion"); Case No. 17-cv-5931, Dkt. No. 73 ("Nike Motion"); Case No. 17-cv-5933, Dkt. No. 92 ("Fossil Motion"); Case No. 17-cv-5938, Dkt. No. 79 ("Canon Motion"); Case No. 17-cv-5939, Dkt. No. 76 ("GoPro Motion"); (collectively, "Fees Motions"). The Court notes that the Fees Motions are nearly identical in substance and form.

Having carefully reviewed the pleadings, the papers submitted, oral arguments at the hearing held on June 12, 2018, and the underlying record, and for the reasons set forth more fully below, the Court **GRANTS IN PART** the Moving Defendants' motions for attorney's fees.[3]

### I. LITIGATION HISTORY

Cellspin brought fourteen patent infringement actions alleging that each defendant infringed one or more of Cellspin's patents, namely U.S. Patent Nos. 8,738,794; 8,892,752; 9,749,847; and 9,258,698 (collectively, "Asserted Patents").[4] (*See, e.g.*, Dkt. No. 1 ("Compl.").) On December 5, 2017, the Court granted Cellspin's motion to relate the fourteen actions. (Dkt. No. 18.)

In their January 16, 2018 motion to dismiss, Omnibus Defendants alleged that Cellspin's claims of infringement were invalid because the Asserted Patents were not patent-eligible under Section 101. (Dkt. No. 31, ("MTD").) Specifically, Omnibus Defendants argued that Cellspin's claims were (i) directed to the abstract concept of acquiring data using a "data capture device," transferring data over a connection to a mobile device, and publishing the data to a website and (ii) recite only generic computer technology to carry out the abstract idea, technology which the specification describes as "pervasive [and] flexible," such as a "ubiquitous mobile phone," "fairly widespread" personal digital assistants, and "general purpose computers and computing devices." (*Id.* at 11.)

Cellspin filed an opposition to the Omnibus Defendants' motion on January 30, 2018, arguing that the claims of the Asserted Patents are not abstract under step one of the test articulated by the

---

[3] The Court notes that defendant Fossil did not submit a declaration regarding any meet and confer with Cellspin's counsel, as required by Civil Local Rule 54-4. (*See* Case No. 17-cv-5933 Dkt. No. 92-2.) The Court cautions that Fossil's failure to comply with the Local Rules constitutes a basis for denial of its motion and advises counsel to observe all Civil Local Rules, as well as this Court's Standing Order in Civil Cases, in the future.

[4] Cellspin's patent infringement action against Eastman Kodak Company was dismissed without prejudice on December 3, 2017. (*Cellspin Soft v. Eastman Kodak Company*, 17-cv-5940-YGR, Dkt. Nos. 14, 15.) Plaintiff's action against TomTom, Inc. and TomTom North America was dismissed without prejudice on January 25, 2018. (*Cellspin Soft v. TomTom, Inc., et al.*, 17-cv-5937-YGR, Dkt. Nos. 46, 47.) The following defendants remain: Adidas America, Inc.; Under Armor, Inc.; and Nikon Americas, Inc. and Nikon, Inc. All three remaining defendants have filed answers and the cases are stayed pending appeals of the other cases referenced here.

Supreme Court in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) because the claims described "specific improvements comprising, acquiring, transferring, and publishing new-data on the Internet," including, a purported improvement in battery consumption, an elimination of the need for "bulky" hardware, and a purported improvement in the order or timing of the Bluetooth or wireless pairing. (Dkt. No. 38 at 8, 10, 15.) On February 16, 2018, Cellspin filed a notice of supplemental authority arguing that the Federal Circuit's recent decisions in *Aatrix Software, Inv. v. Green Shades Software Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) and *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) applied to the instant case because "factual disputes exist" regarding whether "the claimed features are well-understood, routine, and conventional." (Dkt. No. 48 at 3.)

On March 2, 2018, Cellspin filed an amended complaint incorporating a new section titled "The Patents-in-Suit," which contained the arguments regarding improvements that plaintiff had asserted in its opposition. (Dkt. No. 58 at 3-9.) Four days later, on March 6, 2018, the Court held a hearing on the Omnibus Defendants' motion to dismiss. (Dkt. No. 68.) Following the hearing, and at the direction of the Court, the Omnibus Defendants filed a supplemental brief in support of their motion to dismiss addressing the additional information asserted by Cellspin in its amended complaint. (Dkt. No. 64.) Cellspin then filed a response to the Omnibus Defendants' supplemental brief without first seeking leave from the Court. (Dkt. No. 73.)

On April 3, 3018, the Court granted the Omnibus Defendants' motions to dismiss. (MTD Order.) In its *Alice* step-one analysis, the Court rejected Cellspin's argument that the Asserted Patents describe specific improvements in acquiring, transferring, and publishing data on the Internet, stating that "plaintiff fails to identify these alleged specific improvements or otherwise explain how these improvements result in enhanced 'computer capabilities' rather than a process that qualifies as an abstract idea for which computers are invoked merely as a tool." (*Id.* at 12 (internal quotation marks omitted).) In its *Alice* step-two analysis, the Court found that "the asserted claims merely provide a generic environment in which to carry out the abstract ideas of acquiring, transferring, and publishing data," and thus "fail to supply an inventive concept sufficient to transform the underlying abstract idea into patentable subject matter." (*Id.* at 15.) Following its order on the Omnibus Defendants' motion to dismiss, the Court entered judgment for the Omnibus Defendants. (*See e.g.*, Dkt. No. 81).

4

## II. DISCUSSION

### A. Finding of an Exceptional Case

Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness v. Icon Health & Fitness*, 134 S. Ct. 1749, 1756 (2014). "Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less a high one." *Id.* at 1758. Where a moving party can show exceptionality by a preponderance of the evidence, the court may award attorney's fees. *Id.*

"There is no precise rule or formula for making these determinations." *Id.* at 1756. A court may exercise discretion to determine whether a case is "exceptional," taking into account the totality of the circumstances, including such factors as evidence of bad faith litigation, objectively unreasonable positions, or improper conduct. *See id.* at 1756-57. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757. *See also Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377-78 (Fed. Cir. 2017) (concluding "that the district court acted within the scope of its discretion in finding this case to be exceptional based on the weakness of [plaintiff's] § 101 arguments and the need to deter similarly weak arguments in the future"). However, when determining whether a case is exceptional under Section 285, the court must examine the "substantive strength" of the party's position, "not the *correctness* or eventual success of [that] position." *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (emphasis supplied). The question is whether every grant of a Section 101 motion to dismiss warrants an award of attorney's fees.

As in *Inventor Holdings*, the claims at issue here are "manifestly directed to an abstract idea" and "the only components disclosed in the specification for implementing the asserted method claims are unambiguously . . . conventional." *See* 876 F.3d at 1378. As the Court noted in its order granting the Omnibus Defendants' motion to dismiss, the Asserted Patents are directed at the abstract idea of a method of acquiring, transferring, and publishing data and/or multimedia content. (MTD Order at 11

(citing *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016).) Although Cellspin pointed to purported "specific improvements" in computer functionality, the Asserted Patents "fail[] to provide any technical details for the tangible components" and "instead predominantly describe[] the system and methods in purely functional terms" using conventional computer components and existing technology. (*Id.* at 13 (citing *In re TLI Comm'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016).)

Additionally, and unlike the claims brought in *Inventor Holdings*, Cellspin filed its complaint in the face of significant post-*Alice* precedent. *See Inventor Holdings*, 876 F.3d at 1379. Here, Cellspin chose to file more than a dozen lawsuits asserting four ineligible patents and, in so filing, ignored substantial precedent dismissing analogous data manipulation patent claims. *See, e.g.*, *In re TLI*, 823 F.3d at 613 (finding that a device used for recording a digital image, transferring the digital image from the recording device to a storage device, and administering the digital image in the storage device claims no more than the abstract idea of classifying and storing digital images in an organized manner and is thus patent-ineligible).[5]

Cellspin hinges its opposition on a lack-of-bad-faith defense. (Opp. at 6.) However, a court may find a case exceptional and award fees in the event of "*either* subjective bad faith *or* exceptionally meritless claims . . . ." *Octane Fitness*, 134 S. Ct. at 1757 (emphasis supplied). Moreover, Cellspin litigated its exceptionally meritless claims aggressively. Plaintiff did not agree to stay discovery pending resolution of Omnibus Defendants' Section 101 motion until after the hearing on that motion. (*See* Dkt. No. 67.) Cellspin filed an amended complaint only three days prior to the hearing on the Omnibus Defendants' then-pending Section 101 motion to dismiss. (Dkt. No. 58.) While this conduct may not amount to bad faith litigation, it does contribute to the totality of the circumstances weighing in favor of a fee award. *See Octane Fitness*, 134 S. Ct. at 1756-57.

---

[5] *See also Two-Way Media Ltd. v. Comcast Cable Comm'cns, LLC*, 874 F.3d 1329, 1337-39 (Fed. Cir. 2017); *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1093-95 (Fed. Cir. 2016); *Secured Mail Solutions LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 907-08 (Fed. Cir. 2017); *Intellectual Ventures I LLC v. Capital One Financial Corp.*, 850 F.3d 1332, 1341 (Fed. Cir. 2017); *West View Research, LLC v. Audi AG*, 685 F.App'x 923, 926 (Fed. Cir. 2017); *EasyWeb Innovations, LLC v. Twitter, Inc.*, 689 F.App'x 969, 971 (Fed. Cir. 2017); *Content Extraction and Transmission LLC v. Wells Fargo Bank, National Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014).

Cellspin also argues that in filing the instant lawsuits, it reasonably relied on the presumption of validity following the issuances of the Asserted Patents, especially the two most recent patents. (Opp. at 7.) Although issued patents are presumed valid, they are not presumed eligible under Section 101. *See Ultramerical, Inc. v. Hulu, LLC*, 772 F.3d 709, 721 (Fed. Cir. 2014) (Mayer, J., concurring) (noting that although the Supreme Court has reviewed several Section 101 cases recently, it has "never mentioned—much less applied—any presumption of eligibility. The reasonable inference, therefore, is that while a presumption of validity attaches in many context, no equivalent presumption of eligibility applies in the section 101 calculus") (citation omitted); *see also OpenTV, Inc. v. Apple, Inc.*, 2015 WL 1535328, at *3 (N.D. Cal. Apr. 6, 2015).

Further, plaintiff argues that it should not be forced to adjudicate the validity of its own patent and can rely on the courts to serve in that role. (Opp. at 5-6.) Cellspin cannot hide behind its own refusal to analyze its patents critically. Lawyers routinely evaluate the viability of contracts and strength of claims and thereupon counsel clients to act responsibly. To do otherwise unnecessarily burdens to the courts and inflicts significant costs to the opposing parties. Given the patents at issue here, Cellspin could have litigated a test case but instead chose to file and pursue aggressively fourteen lawsuits simultaneously. It could have waited to issue overarching discovery requests but did not.[6] (*See* Dkt. No. 65 at 4 (noting that on January 25, 2018, Cellspin served initial sets of requests for production and interrogatories on defendants).)

Accordingly, the Court finds that the instant matter qualifies as an exceptional case within the meaning of Section 285.

### B. Award of Fees

Having found that this is an exceptional case within the meaning of Section 285, the Court must now consider whether the requested fees are reasonable. *See Forest Labs., Inc. v. Abbott Labs.*,

---

[6] During the hearing on June, 12, 2018, Cellspin suggested that in declining defendants' January 22, 2018 request to stay discovery until after the Court had ruled on Omnibus Defendants' then-pending motion to dismiss (Dkt. No. 34), the Court sanctioned Cellspin's discovery requests. It did not. The Court merely allowed the parties to proceed in accordance with the Local Rules given the representations that the defendants intended to lodge objections. (*See* Dkt. No. 44 at 5.) Parties should not assume that busy district courts have pre-decided issues before briefing and oral argument are complete. (*See id.* (filed February 2, 2018).)

339 F.3d 1324, 1327-28 (Fed. Cir. 2003). Moving Defendants seek fees in the following amounts: Fitbit – $60,057.94 (Fitbit Motion at 15.); Moov – $47,430.00 (Moov Motion at 15.); Nike – $202,614.92 (Nike Motion at 13); Fossil – $293,423.00 (Fossil Motion at 16); Canon – $213,721.50 (Canon Motion at 16); GoPro – $63,804.20 (Dkt. No. 85 ¶ 5).[7] Three of the Moving Defendants also seek additional fees incurred through the conclusion of the instant motion. (*See e.g.*, Fitbit Motion at 15.)[8]

An attorney's fee award under Section 285 must bear some relation to the extent of the conduct responsible for the court's finding of exceptionality. *See Cartner v. Almo Grp., Inc.*, 561 Fed. Appx. 958, 963 (Fed. Cir. 2014). Cellspin argues in its Opposition that to the extent that the Court determines an award of attorney's fees is appropriate, that award should "extend no further tha[n] the fees incurred in connection with briefing and arguing Defendants' Omnibus § 101 Motion." (Opp. at 18.) However, as described in detail above, the exceptionally meritless nature of this case extends well beyond the Omnibus Defendants Section 101 motion to dismiss and applies to Cellspin's decision to bring these actions in the first place. Nonetheless, the Court finds that the amounts requested by defendants Nike, Fossil, and Canon excessive.

Based upon its review of the parties' records, and with the exception of Nike who played the lead role in drafting Omnibus Defendants' motion to dismiss and reply and also argued the motion before the Court (Hearing on June 12, 2018), an award of Section 285 attorney's fees shall not exceed $100,000.

Accordingly, the Court **GRANTS IN PART** Moving Defendants' motions for attorney's fees under Section 285 as follows:

1. for defendant Fitbit, the Court grants the requested amount of $65,602.94;

---

[7] Cellspin indicates in its Opposition that the Moving Defendants also seek costs. (Opp. at 19.) However, the Court notes that the Moving Defendant's motions and supporting declarations do not include a request for costs and mention costs only in the context of a section heading, i.e. "Total Costs and Fees to Date." (*See e.g.*, Fitbit Motion; *see also* (Dkt. No. 85-2 ("Fitbit Decl.") ¶ 16.)

[8] Specifically, Fitbit, Moov, and Canon seek additional fees as follows: Fitbit – $5,545.00 (Fitbit Decl. ¶ 17; Moov – $6,530.00 (Case No. 17-cv-3829, Dkt. No. 73-2 ¶ 15); Canon – not yet determined as time records were not yet prepared at the time of filing (Case No. 17-cv-5938, Dkt. No. 79-1 ¶ 4).

2.    for defendant Moov, the Court grants the requested amount of $53,960;

3.    for defendant Nike, the Court grants a fee award of $180,000[9];

4.    for defendant Fossil, the Court grants a fee award of $100,000[10];

5.    for defendant Cannon, the Court grants a fee award of $100,000[11];

6.    for defendant GoPro, the Court grants the requested amount of $63,804.20.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Moving Defendants' motions for attorney's fees in the amounts articulated above.

This Order Terminates Docket Number 85.[12]

**IT IS SO ORDERED**.

Dated: July 6, 2018

                                                    **YVONNE GONZALEZ ROGERS**
                                                  **UNITED STATES DISTRICT COURT JUDGE**

---

[9] Although the Court finds the fee of $202,614.92 requested by Nike to be excessive, the Court also finds persuasive Nike's argument during the June 12, 2018 hearing on the instant motion ("Hearing") that their counsel took the lead role in briefing and arguing the Omnibus Defendants' motion to dismiss. Therefore, the Court caps Nike's fee request at $180,000.

[10] The Court finds the fee of $293,423.00 requested by Fossil, which is the highest amount requested by any the Moving Defendants, to be excessive. During the Hearing, counsel for Fossil represented that the fee amount Fossil requests is a result of the fact that Fossil worked on and filed a motion to dismiss on its own prior to the omnibus filing. However, according the billing records submitted to the Court for *in camera* review, (*see* Dkt. No. 100), legal work done prior to the Court's December 22, 2017 order directing an omnibus submission for the Moving Defendants' motions to dismiss accounts for less than one-third of Fossil's requested fees. The Court finds this explanation insufficient and therefore caps Fossil's fee request at $100,000.

[11] The Court finds the fee of $213,721.50 requested by Canon to be excessive. During the Hearing, counsel for Canon pointed to their work on multiple versions of their motion to dismiss, as well as responding to discovery requests and conducting a preliminary invalidity analysis, including a review Japanese prior art, as the reason for the requested fee amount. However, this analysis was preemptive and therefore not necessary at this stage of the litigation. The Court finds this explanation insufficient and therefore caps Canon's fee request at $100,000.

[12] This Order also terminates: 4:17-CV-5929-YGR, Dkt. No. 73; 4:17-CV-5931-YGR, Dkt. No. 73; 4:17-CV-5933-YGR, Dkt. No. 92; 4:17-CV-5938-YGR, Dkt. No. 79; 4:17-CV-5939-YGR, Dkt. No. 76.