**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CELLSPIN SOFT, INC.,** <br>     **PLAINTIFF,** <br>     v. <br> **FITBIT, INC.,** <br>     **DEFENDANT.** | **CASE NO.** 17-cv-05928-YGR |
| **CELLSPIN SOFT, INC.,** <br>     **PLAINTIFF,** <br>     v. <br> **MOOV, INC.,** <br>     **DEFENDANT.** | **CASE NO.** 17-cv-05929-YGR |
| **CELLSPIN SOFT, INC.,** <br>     **PLAINTIFF,** <br>     v. <br> **ADIDAS AMERICA, INC.,** <br>     **DEFENDANT.** | **CASE NO.** 17-cv-05930-YGR |
| **CELLSPIN SOFT, INC.,** <br>     **PLAINTIFF,** <br>     v. <br> **NIKE, INC.,** <br>     **DEFENDANT.** | **CASE NO.** 17-cv-05931-YGR |
| **CELLSPIN SOFT, INC.,** <br>     **PLAINTIFF,** <br>     v. <br> **UNDER ARMOUR, INC.,** <br>     **DEFENDANT.** | **CASE NO.** 17-cv-05932-YGR |

| | |
|---|---|
| CELLSPIN SOFT, INC., <br><br>    PLAINTIFF, <br><br>    v. <br><br> FOSSIL GROUP, INC., <br><br>    DEFENDANT. | CASE NO. 17-cv-05933-YGR |
| CELLSPIN SOFT, INC., <br><br>    PLAINTIFF, <br><br>    v. <br><br> GARMIN INTERNATIONAL, INC. ET AL., <br><br>    DEFENDANT. | CASE NO. 17-cv-05934-YGR |
| CELLSPIN SOFT, INC., <br><br>    PLAINTIFF, <br><br>    v. <br><br> NIKON AMERICAS, INC. ET AL., <br><br>    DEFENDANT. | CASE NO. 17-cv-05936-YGR |
| CELLSPIN SOFT, INC., <br><br>    PLAINTIFF, <br><br>    v. <br><br> TOMTOM, INC. ET AL., <br><br>    DEFENDANT. | CASE NO. 17-cv-05937-YGR |
| CELLSPIN SOFT, INC., <br><br>    PLAINTIFF, <br><br>    v. <br><br> CANON U.S.A., INC., | CASE NO. 17-cv-05938-YGR |

| | |
|---|---|
| **DEFENDANT.CELLSPIN SOFT, INC.,**<br><br>　　　　**PLAINTIFF,**<br><br>　　v.<br><br>**GOPRO, INC.,**<br><br>　　　　**DEFENDANT.** | **CASE NO.** 17-cv-05939-YGR |
| **CELLSPIN SOFT, INC.,**<br><br>　　　　**PLAINTIFF,**<br><br>　　v.<br><br>**PANASONIC CORPORATION OF NORTH AMERICA,**<br><br>　　　　**DEFENDANT.** | **CASE NO.** 17-cv-05941-YGR |
| **CELLSPIN SOFT, INC.,**<br><br>　　　　**PLAINTIFF,**<br><br>　　v.<br><br>**JK IMAGING LTD.,**<br><br>　　　　**DEFENDANT.** | **CASE NO.** 17-cv-06881-YGR |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

In light of the Opinion of the Federal Circuit on June 26, 2019 to vacate the order of this Court dismissing plaintiff's first amended complaint, parties who have not answered are ordered to do so by **August 30, 2019**. The stay in the remaining cases is hereby lifted and the compliance hearing(s) for a status update are vacated.

In addition, each party is hereby notified that, pursuant to Fed. R. Civ. P. 16(b) and Civil L.R. 16-10, a specially set Case Management Conference shall be held in this case on **Wednesday, October 9, 2019**, at 2:00 p.m., at the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, Oakland, in Courtroom 1, 4th Floor.

In order to assist the Court in managing these thirteen related patent actions, the parties shall file a **joint case management statement** ("CMC Statement") **fourteen days** in advance of the case management conference date and the plaintiff shall assemble and deliver **one Omnibus Statement**, as explained further below. To expedite the creation of a useful document, the Court provides the following guidance. The CMC Statement should focus on issues to be discussed at the conference, issues in dispute, scheduling, and coordination to the extent possible. The CMC Statement may be streamlined if no issue exists. For instance, the standard case management statement includes:

> 1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

The Court anticipates that no issues exist in this regard. The parties may jointly so indicate in a single sentence response: "All parties agree there are no issues on this topic and none to be discussed." With respect to sections 2 and 3:

> 2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.
> 3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

The Court counsels the parties to focus on the word "brief." Plaintiff shall provide its response *as it applies to all cases* in the body of the CMC Statement itself. Explanations regarding the

specifics of each individual case shall be provided in an Attachment A-1 to the CMC Statement. Each defendant shall provide its own response as an Attachment A-2 to the CMC Statement filed separately in each's respective case. **In the Omnibus Case Management Order to be delivered to the Court, plaintiff's counsel shall compile and organize (by case number) all Attachment A(s) together.**

With respect to section "4. Motions: All prior and pending motions, their current status, and any anticipated motions," the parties need not repeat the prior motions of which the Court is aware. Next, the Court assumes that the parties may file a standard set of motions, if needed, including discovery, claim construction, one summary judgment on the merits, and *Daubert*. The Court will discuss that set of motions. A party should *only* elaborate if it would like to discuss another motion or where an early motion is required and an explanation in writing in advance of the conference would promote efficiency.

With respect to scheduling (section 17) including amendments (section 5), disclosures (section 7), and discovery (section 8), the time frames outlined in the Northern District Rules shall be presumptively employed and the CMC Statement shall include a chart with those dates. Further, the Court will presumptively employ the Northern District protective order for patent cases revised to include the Court's own discovery protocol. These sections should be discussed collectively. The Court will not set a trial date in any case yet. That section (18) need not be addressed. To the extent any party believes that different time frames should apply that party shall be identified in the body of the CMC Statement itself and then shall provide as Attachment B a separate chart including both the presumptive dates and the requested dates and an explanation for the request. **In the Omnibus Case Management Order to be delivered to the Court, plaintiff's counsel shall compile and organize (by case number) all Attachment B(s) together.**[1]

With respect to certifications including evidence preservation (section 6) and professional conduct (section 20), these can be addressed collectively.

As sections 9 (class actions) and 16 (expedited trial procedure) do not apply, parties are relieved from addressing them.

Parties shall respond in the body of the CMC Statement on the following topics either collectively or with plaintiff's statement first and that of each defendant (by case number) following:

---

[1] To the extent any group of cases seeks the same set of deadlines those cases should all use the same attachment.

-Related Cases (section 10);
-Relief requested including an estimate of damages for each case (section 11/Patent Rules)
-Settlement and ADR (section 12)
-Consent to any Magistrate Judge of your collective choosing (section 13)
-Other References (section 14)
-Narrowing of Issues (section 15)
-Other matters to facilitate the just, speedy and inexpensive disposition (section 21)

With respect to section "19. Disclosure of Non-party Interested Entities or Persons," each party should file in their own case by including the response in Attachment C-1 for plaintiff and Attachment C-2 for each respective defendant. **In the Omnibus Case Management Order to be delivered to the Court, plaintiff's counsel shall compile and organize (by case number) all Attachment C(s) together.**

A courtesy copy of each individual filing is waived. The Court only requires the Omnibus Case Management Order explained herein.

Further, three business days in advance of the case management conference date, the parties shall also file a **joint notice which identifies all counsel and the parties they represent that will be appearing at the case management conference on October 9, 2019**. *See e.g., In Re Lithium Ion Batteries Antitrust Litigation*, 13-md-2420-YGR, Dkt. No. 1859.

**IT IS SO ORDERED.**

Dated: August 19, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

6