IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **CELLSPIN SOFT, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **FITBIT, INC.**, <br><br> Defendant. | **ORDER DENYING DEFENDANTS' MOTION TO STRIKE OR TO COMPEL AMENDMENT OF CELLSPIN'S INVENTIVENESS CONTENTIONS** <br><br> Case No. 17-cv-05928-YGR <br><br> Dkt. No. 140 |
| v. <br><br> **MOOV, INC.**, <br><br> Defendant. | Case No. 17-cv-05929-YGR <br><br> Dkt. No. 123 |
| v. <br><br> **ADIDAS AMERICA, INC.**, <br><br> Defendant. | Case No. 17-cv-05930-YGR <br><br> Dkt. Nos. 97, 98 |
| v. <br><br> **NIKE, INC.**, <br><br> Defendant. | Case No. 17-cv-05931-YGR <br><br> Dkt. No. 121 |
| v. <br><br> **UNDER ARMOUR, INC.**, <br><br> Defendant. | Case No. 17-cv-05932-YGR <br><br> Dkt. No. 101 |
| v. <br><br> **FOSSIL GROUP, INC., ET AL.**, <br><br> Defendants. | Case No. 17-cv-05933-YGR <br><br> Dkt. No. 43, 69 |
| v. <br><br> **GARMIN INTERNATIONAL, INC., ET AL.**, <br><br> Defendants. | Case No. 17-cv-05934-YGR <br><br> Dkt. No. 117 |

1

|  |  |
|---|---|
| v.<br><br>**NIKON AMERICAS, INC., ET AL.,**<br><br>Defendants. | Case No. 17-cv-05936-YGR<br><br>Dkt. No. 119 |

Defendants in the above-captioned patent infringement cases move to strike or, alternatively, to compel plaintiff's inventiveness contentions.[1] Defendants object to five aspects of plaintiff's inventiveness contentions served on June 19, 2020: plaintiff "buries" the contentions in 1,400 pages of charts; the contentions cite inadmissible evidence as support; plaintiff reserves the right to rely on additional documents in rebuttal; plaintiff reserves the right to rely on inventor and expert testimony; and the contentions fail to tie the inventive concepts to the language of specific limitations.

Defendants largely misunderstand the nature of contentions. Contentions do not require a party to prove its case with admissible evidence. *See AntiCancer, Inc. v. Pfizer, Inc.*, 769 F.3d 1323, 1331 (Fed. Cir. 2014) (analyzing this district's local rules). Nor do they require premature expert discovery. *See Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2017 WL 1352052, at *2 (N.D. Cal. Apr. 13, 2017). Instead, the purpose of contentions is to "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010) (citation omitted). As such, contentions require parties to disclose *theories* and *facts*—not all evidence to support those theories and facts. *See Asia Vital Comopnents Co., Ltd. v. Asetek Danmark A/S*, 77 F. Supp. 3d 990, 1003-04 (N.D. Cal. 2019); *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998-HSG (JSC), 2018 WL 620169, at *2 (N.D. Cal. Jan. 30, 2018). The Court's scheduling order recognizes this distinction by requiring plaintiff to serve its "full and final contentions" (along with "factual and legal bas[e]s" that support those contentions), and to separately produce all evidence upon which plaintiff may rely in support of its contention. (Dkt. No. 113.)

---

[1] The Court has previously found the asserted patents invalid under 35 U.S.C. § 101. Following reversal by the Federal Circuit based on plaintiff's allegations of an "inventive concept" under the second step of *Alice*, the Court required plaintiff to produce inventiveness contentions disclosing and supporting such "inventive concepts."

2

Plaintiff, on the other hand, adopts the opposite extreme and argues that it is not bound by its contentions at all because defendants have the burden to prove invalidity.  That, too, misunderstands the nature of contentions.  "The ultimate burden of invalidity . . . does not dictate the scope of discovery."  *SPH Am., LLC v. Res. in Mot., Ltd.*, 13cv2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (citing Fed. R. Civ. P. 26(b)(1)).  The Federal Rules of Civil Procedure do not require the party who carries the burden on an issue to make a *prima facie* case before it is entitled to discover rebuttal information.  *Id.*; *see Amgen*, 2017 WL 1352052, at *2 (granting motion to compel validity contentions); *Finjan, Inc. v. ESET, LLC*, 17CV183 CAB (BGS), 2018 WL 4772124, at *5 (S.D. Cal. Oct. 3, 2018) (same); *Implicit Networks, Inc. v. Juniper Networks, Inc.*, 3:10-cv-4234, Dkt. No. 92 at 2 (N.D. Cal. June 6, 2012) (explaining that validity contentions are based on information equally available to both parties).

Here, plaintiff has the better knowledge of the alleged inventive concept of the patents.  Moreover, the Court has already found—and has had its decision affirmed by the Federal Circuit—that the asserted patents are directed to patent ineligible idea and that the specification provides scant support for an inventive concept.  The case therefore hinges on plaintiff's allegations of an inventive concept beyond the already-determined patent ineligible idea.  *See Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1307, 1316-19 (Fed. Cir. 2019).  Under these circumstances, it is entirely appropriate to require plaintiff to produce inventiveness contentions to prevent a "shifting sands" approach to ligation where defendants prove that a certain implementation was conventional only to have plaintiff assert a wholly new inventive concept.  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).  Accordingly, plaintiff will be restricted to arguing the alleged inventive concepts disclosed in its contentions and any new theories will be struck pursuant to Federal Rule of Civil Procedure 26.

The Court has reviewed plaintiff's cover pleading and chart attached to defendants' motion and cannot conclude that plaintiff violated the Court's scheduling order.  The cover pleading identifies fourteen alleged inventive concepts and the chart states an inventive concept tied to the limitation at hand.  (*See* Dkt. No. 117-5 at 38.)  To the extent that defendants contend that other inventive concepts are not tied to specific limitations, the parties are **ORDERED** to meet and confer to discuss any alleged inventive concept for which the underlying limitation or limitations are unclear.  The Court **DENIES** defendants' motion.

In light of the timing of this Order, the parties shall advise the Court whether any adjustment of the scheduling order is necessary.

This Order terminates docket number 117 in case number 4:17-cv-5934.

**IT IS SO ORDERED.**

Dated: July 17, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**