IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **CELLSPIN SOFT, INC.**, <br><br>       Plaintiff, <br><br> v. <br><br> **FITBIT, INC.**, <br><br>       Defendant. | **ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 17-cv-05928-YGR <br><br> Dkt. Nos. 148, 151 |
| v. <br><br> **MOOV, INC.**, <br><br>       Defendant. | Case No. 17-cv-05929-YGR <br><br> Dkt. Nos. 130, 133 |
| v. <br><br> **NIKE, INC.**, <br><br>       Defendant. | Case No. 17-cv-05931-YGR <br><br> Dkt. Nos. 128, 131 |
| v. <br><br> **UNDER ARMOUR, INC.**, <br><br>       Defendant. | Case No. 17-cv-05932-YGR <br><br> Dkt. Nos. 110, 113 |
| v. <br><br> **FOSSIL GROUP, INC., ET AL.**, <br><br>       Defendants. | Case No. 17-cv-05933-YGR <br><br> Dkt. Nos. 193, 199 |
| v. <br><br> **GARMIN INTERNATIONAL, INC., ET AL.**, <br><br>       Defendants. | Case No. 17-cv-05934-YGR <br><br> Dkt. Nos. 130, 133, 134 |
| v. <br><br> **NIKON AMERICAS, INC., ET AL.**, <br><br>       Defendants. | Case No. 17-cv-05936-YGR <br><br> Dkt. Nos. 127, 130 |

Defendants have filed a motion for summary challenging the validity of the asserted patents under 35 U.S.C. § 101. Plaintiff opposes by identifying 55 inventive concepts in the 21 asserted claims. The Court has reviewed the alleged inventive concepts and finds them insufficiently tied to the claims.[1] Accordingly, the parties are **ORDERED** to (1) submit a chart linking each alleged inventive concept to the asserted claims, in the format illustrated below, and (2) identify representative claims that the Court may evaluate.

| Alleged Inventive Concept | Relevant Claims | Relevant Limitation or Combination of Limitations | Representative Claim |
|---|---|---|---|
| Capturing and publishing data using different devices | Claim 1 of the '794 Patent, etc. | "acquiring new data in the Bluetooth enabled data captured device" . . .<br><br>"transferring the new data received by the Bluetooth enabled mobile device . . .to the one or more web services" | Claim 1 of the '794 Patent |
| The ordered combination of establishing a pair connection before sending data | Claim 1 of the '794 Patent, etc. | "establishing a paired connection between the Bluetooth enabled data capture device and the Bluetooth enabled mobile device" . . .<br><br>"acquiring new data in the Bluetooth enabled data capture device" | Claim 1 of the '794 Patent |

A claim is representative if "the patentee does not present any meaningful argument for the distinctive significance of any claim limitation not found in the representative claim or if the parties agree to treat a claim is representative." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). Thus, the parties shall endeavor to agree, and if they cannot agree, plaintiff shall identify a meaningful argument, with

---

[1] Although the Court has previously found claim 1 of the '794 Patent representative of all asserted claims, that is plainly no longer the case. For example, the parties agree that use of HTTP is an alleged inventive concept, but claim 1 of the '794 Patent does not mention HTTP. A section 101 analysis divorced from the claims is improper. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1293 (Fed. Cir. 2020) ("[F]eatures that are not claimed are irrelevant as to step 1 or step 2.").

citation to its opposition brief, that a limitation that presents a distinctive significance to the section 101 analysis.  Alternatively, the parties may identify representative claims for each alleged inventive concept while noting that claims generally overlap in those concepts.

The chart should be kept as short as possible.  Minor differences in claim language should not be noted; language from the representative claim should be used instead.  Failure to include an alleged inventive concept in the chart shall be deemed waiver of arguments related to that concept.  The parties shall file the chart and any statement regarding representative claims by **December 22, 2020**.

The hearing scheduled for December 15, 2020 regarding defendants' motion for summary judgment, plaintiff's motion to strike, and defendant Garmin's motion to amend invalidity contentions is **VACATED**.  The Court will reset the hearing date at a later date.

**IT IS SO ORDERED.**

Dated: December 10, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**