IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **CELLSPIN SOFT, INC.,**<br><br>            Plaintiff,<br><br>v.<br><br>**FITBIT, INC.,**<br><br>            Defendant. | **ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 17-cv-05928-YGR<br><br>Dkt. No. 148 |
| v.<br><br>**MOOV, INC.,**<br><br>            Defendant. | Case No. 17-cv-05929-YGR<br><br>Dkt. No. 130 |
| v.<br><br>**NIKE, INC.,**<br><br>            Defendant. | Case No. 17-cv-05931-YGR<br><br>Dkt. No. 128 |
| v.<br><br>**UNDER ARMOUR, INC.,**<br><br>            Defendant. | Case No. 17-cv-05932-YGR<br><br>Dkt. No. 110 |
| v.<br><br>**FOSSIL GROUP, INC., ET AL.,**<br><br>            Defendants. | Case No. 17-cv-05933-YGR<br><br>Dkt. No. 193 |
| v.<br><br>**GARMIN INTERNATIONAL, INC., ET AL.,**<br><br>            Defendants. | Case No. 17-cv-05934-YGR<br><br>Dkt. No. 130 |
| v.<br><br>**NIKON AMERICAS, INC., ET AL.,**<br><br>            Defendants. | Case No. 17-cv-05936-YGR<br><br>Dkt. No. 135 |

On February 17, 2021, the Court held a hearing regarding Defendants' motion for summary judgment of patent invalidity under 35 U.S.C. § 101.  (*See* Case No. 17-cv-5933, Dkt. No. 193.)  As explained at the hearing, Plaintiff proposes a number of inventive concepts based on the combination of elements that are otherwise individually addressed.  (*E.g.*, Dkt. No. 206-1 # 16-20.)  Under Federal Circuit precedent, the relevant inquiry is whether these elements are individually "well-understood, routine, or conventional" and whether considering those elements as an ordered combination "add[s] nothing . . . that is not already present when the [elements] are considered separately." *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1348 (Fed. Cir. 2019) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 73 (2012)).

Accordingly, and as stated at the hearing, Plaintiff is ORDERED to submit additional briefing that identifies each combination (i.e., the inventive concept based on the combination of inventive concepts that Plaintiff asserts individually) and what the combination "adds" to the analysis beyond consideration of the individual concepts.  The Court will order additional briefing to address the substance of the allegations if necessary.  Failure to identify additional inventiveness based on the combination will be deemed acquiescence that the conventionality of that combination depends on the conventionality of the constituent concepts.  Plaintiff shall file the supplement briefing no later than February 24, 2021.

IT IS SO ORDERED.

Dated: February 17, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE