UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>FITBIT, INC.,<br><br>    Defendant. | Case No. 17-cv-05928-YGR (KAW)<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 216, 223 |

   Pending before the Court are Defendants' administrative motions to file certain exhibits under seal. (Dkt. Nos. 216, 223.) The basis for sealing was that the exhibits were identified by Plaintiff Cellspin Soft, Inc. as confidential. (Dkt. No. 216 at 2; Dkt. No. 223 at 2.) After Plaintiff failed to file a declaration establishing that the designated material was sealable, the Court issued an order to show cause. (Dkt. No. 230.) Plaintiff's response was due by August 24, 2021.

   On August 25, 2021, Plaintiff filed its response, stating that it did not object to the exhibits being publicly filed, and that it had in fact informed Defendants of such on August 13, 2021. (*See* Dkt. No. 235 at 2, Exh. A.) Accordingly, the Court DENIES the administrative motions to file under seal. Defendants shall immediately file the unredacted exhibits on the public dockets. Further, all parties are reminded of their obligation to not over-designate documents as confidential, as well as to not burden the Court with unnecessary motion practice. (*See* Stipulated Protective Order ¶ 5.1 ("Each Party . . . that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards."), Dkt. No. 54; Guidelines for Professional Conduct ¶ 10 ("Motions should be filed . . . only in good faith and when the issue cannot be otherwise resolved.").

   In its response to the order to show cause, Plaintiff also complains of the Court's order

terminating late-filed discovery letters, asserting that there is, in fact, no scheduling order. (Dkt. No. 235 at 3.) First, this is procedurally improper; if Plaintiff believes the Court is in error, its remedy is to request leave to file a motion for reconsideration or file an appeal to the presiding judge, not to raise these issues in a response to an unrelated order to show cause. Second, if there is no scheduling order, it is unclear why Plaintiff filed a motion to extend the discovery deadlines. (Dkt. No. 194.) The Court will not resolve this matter in this order.

IT IS SO ORDERED.

Dated: September 7, 2021

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge