UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLSPIN SOFT, INC., <br>         Plaintiff, <br> v. <br> FITBIT LLC, <br>         Defendant. | Case No. 17-cv-05928-YGR (KAW) <br><br> **ORDER RE DISCOVERY LETTER NO. 3**[1] <br><br> Re: Dkt. No. 254 |

On October 25, 2021, the parties filed the instant discovery letter concerning Plaintiff Cellspin Soft, Inc.'s response to Defendants' Request for Production ("RFP") No. 2. (Discovery Letter, Dkt. No. 254.) RFP No. 2 concerns documents relating to offers to license or sell Plaintiff's patents, including infringement allegations, notice letters, responses from third parties, and communications regarding efforts to license or sell. (*Id.* at 1.) Previously, on September 13, 2021, the Court ordered Plaintiff to conduct a further search, and to produce any additional responsive documents within ten days. (Dkt. No. 239 at 3.) Defendants assert that Plaintiff's production is still incomplete, and that Plaintiff continued to produce documents after the Court's ten-day deadline. (Discovery Letter at 1-2.) Plaintiff, in turn, states that it has produced all responsive documents.[2] (*Id.* at 4-5.)

---

[1] Since this case was referred to the undersigned for discovery purposes in July 2021, the Court has resolved two discovery letters in this case, a motion to amend invalidity contentions, and a motion to quash, as well as a discovery letter, a motion to add new infringing products, and a motion to amend invalidity contentions in the related cases. This does not include discovery filings that were terminated for failure to comply with deadlines or standing orders.

[2] In a footnote, Plaintiff complains that the Court's five-page limit "may not be sufficient to avoid a miscarriage of justice," and requests a hearing, additional briefing, and additional exhibits. (*See* Discovery Letter at 4 n.1.) Plaintiff should have filed a request to extend the page limit and attach additional exhibits *prior* to filing the letter, rather than making the request in a footnote. Further,

1  The Court deems this matter suitable for disposition without a hearing pursuant to Civil
2  Local Rule 7-1(b), and rules as follows.

3  First, the Court DENIES Defendants' request to require additional production of documents. Plaintiff states that it has complied with the Court's order and produced responsive documents. (Discovery Letter at 3, 5.) Further, in its October 24, 2021 supplemental response to RFP No. 2, Plaintiff affirmatively "confirms that it has produced **all** documents responsive to this request." (Discovery Letter, Exh. 3 at 2 (emphasis added).) Plaintiff also stated that it "is not withholding production of any documents responsive to this request on the basis of privilege." (*Id.* at 6.) Given these clear representations, the Court will not presume that Plaintiff would make false representations to the Court or in its discovery responses. *See Baird v. BlackRock Institutional Trust Co.*, Case No. 17-cv-1892-HSG (KAW), 2019 U.S. Dist. LEXIS 29720, at *7 (N.D. Cal. Feb. 25, 2019). If Plaintiff states that it has produced all responsive documents, the Court will take Plaintiff at its word.

While Defendants identify potential gaps in the production, this does not mean Plaintiff actually possesses the documents. As the Court noted in its prior order, it "cannot compel production of documents that Plaintiff no longer possesses." (Dkt. No. 239 at 3.) Again, to the extent Defendants have a sufficient basis to believe Plaintiff destroyed documents, Defendants may bring a motion for sanctions based on spoliation. Further, given Plaintiff's clear statement that it has already produced all responsive documents, if Plaintiff was to later produce responsive documents, Defendants may have grounds to seek evidentiary sanctions prohibiting Plaintiff from using the late-produced documents.

Second, the Court DENIES Defendants' request to require Plaintiff's CEO, Gurvinder Singh, to submit a sworn declaration stating what efforts he made to search for documents and why certain documents were not preserved and produced. (Discovery Letter at 3.) The Court finds that Defendants have not provided a basis for such a requirement.

---

Plaintiff provides no specific explanation for why any of this is needed, and the Court observes that Plaintiff spends a insignificant portion of its letter complaining about the ESI order, an issue not before the Court. (*See* Discovery Letter at 4-5.) The Court denies all of these requests.

Finally, the Court DENIES Defendants' request to prohibit Plaintiff from using all responsive documents produced after the Court's ten-day deadline. (Discovery Letter at 3.) Defendants assert that this is necessary "to remedy the prejudice inflicted by [Plaintiff]'s untimely productions," but provide no information as to that alleged prejudice. (*Id.*) Thus, the Court is unable to find prejudice and declines to exclude those documents. The Court reiterates, however, that given Plaintiff's representation that it has now produced all responsive documents, Defendants would likely have a basis for requesting sanctions prohibiting Plaintiff from using any further responsive documents produced after this order.

This order disposes of Dkt. No. 254.

IT IS SO ORDERED.

Dated: December 8, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge