John M. Desmarais (CSB # 320875)
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901
jdesmarais@desmaraisllp.com

*Attorney for Defendant Fitbit LLC*

**Additional Counsel Listed on Signature Page**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

CELLSPIN SOFT, INC.,

Plaintiff,

v.

FITBIT LLC,

Defendant.

Case No. 4:17-cv-05928-YGR

**DEFENDANT FITBIT LLC'S NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF JUSTIN R. BLOK**

Date April 12, 2022
Time: 2:00 p.m.
Place: Courtroom 1, 4th Floor
Judge: Hon. Yvonne Gonzalez Rogers

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on April 12, 2022 at 2:00 p.m.,[1] or as soon thereafter as counsel may be heard by the above-titled Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Fitbit LLC ("Fitbit") will and hereby does move to exclude the opinions of Mr. Justin R. Blok regarding the allocation of profits allegedly attributable to Patents-in-Suit that Fitbit and Cellspin would purportedly have agreed to as the result of a hypothetical negotiation in 2014. Fitbit brings this motion under Federal Rules of Evidence 702, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), this Court's Civil L.R. 7, and the Court's Scheduling Order as amended (Dkt. 274). Fitbit's motion is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities, the Declaration of Karim Z. Oussayef, and associated exhibits, the pleadings and other papers on file in this action, and any other evidence and argument that the parties may present in this briefing or at the hearing.

## STATEMENT OF THE ISSUES TO BE DECIDED

This motion asks this Court to exclude certain expert testimony that does not comply with Federal Rules of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Rule 702 requires that expert testimony (a) "help the trier of fact to understand the evidence or to determine a fact in issue," (b) be "based on sufficient facts or data," (c) be "the product of reliable principles and methods," and (d) "reliably appl[y] the principles and methods to the facts of the case." Fed. R. Evid. 702. The expert testimony sought to be excluded by this motion fails to comply with those requirements. In particular, the Court should exclude Mr. Blok's profit-splitting opinions, which are set forth in paragraphs 141-49 and Exhibits 4.1 and 4.1.1 of Mr. Blok's report, because those opinions are (1) based on unjustified and unreliable assumptions regarding the economic comparability between Fitbit's alleged agreements with its retail partners and the economic circumstances governing a

[1] Fitbit understands that "[t]he Court will reach out to the parties to set a hearing on the Motions for Summary Judgment." (Dkt. 274.) This date is proposed as a placeholder until a hearing date is set by the Court.

hypothetical negotiation between Fitbit and Cellspin, and (2) a conclusory analysis of the *Georgia-Pacific* factors that is not tied to Mr. Blok's conclusion or the specific facts of this case.