JACK W. LONDEN (CA SBN 85776)
JLonden@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

STEPHEN LIU (CA SBN 318533)
SLiu@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

YUKA TERAGUCHI (CA SBN 260541)
YTeraguchi@mofo.com
MORRISON & FOERSTER LLP
Shin-Marunouchi Building, 29th Floor
5-1, Marunouchi 1-Chome
Chiyoda-ku, Tokyo, Japan 100-6529
Telephone: 81-3-3214-6522
Facsimile: 81-3-3214-6512

Attorneys for Defendants
NIKON AMERICAS INC. and NIKON INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NIKON AMERICAS INC. AND NIKON INC.,<br><br>Defendants. | Case No. 4:17-CV-05936-YGR<br><br>**NIKON AMERICAS INC. AND NIKON INC.'S OPPOSITION TO CELLSPIN'S MOTION FOR RECUSAL** |

## I. Introduction

Section 455 exists to reinforce the integrity of the judicial system. It does not exist to be weaponized by defeated plaintiffs seeking to resurrect their claims based on allegedly disqualifying facts that they knew of long before moving for recusal—facts which, on their face, do not even establish a financial interest warranting recusal. But that is what Cellspin does here. Desperate for another bite at the apple, Cellspin attempts to twist the Judge's investment in a diverse index fund, which is excepted from the ambit of Section 455, into a source of bias warranting vacatur. And it does so based on the Judge's Financial Disclosure Report from October 2021, fifteen months before Cellspin's present motion. Cellspin's incorrect, unsupported, and unreasonably late motion should be denied.

## II. Cellspin Fails to Identify a Financial Interest Warranting Recusal

Cellspin attempts to manufacture a disqualifying financial interest relating to Nikon in two ways: (1) the inclusion of Nikon Corporation, the parent company of the defendant Nikon entities, in the Vanguard Total International Stock Index Fund (D.I. 366[1] (Motion for Recusal, or "Mot.") at 17-18); and (2) the alleged use of Google services "for user data" by Nikon Image Services (*id.* at 26). Both arguments are incorrect.

### A. Index Funds Are Not Financial Interests Under Section 455(d)(4)(i)

Section 455(d)(4)(i) states that "[o]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities" that would warrant recusal "unless the judge participates in the management of the fund." The Vanguard Total International Stock Index Fund (the "Vanguard fund") is a mutual fund within the meaning of this statutory exception.

Cellspin's argument based on the Judge's investment in the Vanguard fund rests entirely on a false distinction between index funds and mutual funds. Contrary to Cellspin's claim, index funds are generally classified as mutual funds. The SEC defines "index fund" as "a type of mutual fund or exchange-traded fund that seeks to track the returns of a market index." (Ex. A[2].) And even

---

[1] Cellspin filed its motion for recusal in the Fitbit case (4:17-CV-05928), but not in this case, despite requesting relief relating to Nikon. The citations to the docket herein refer to the Fitbit case.

[2] The exhibits referenced in this brief are attached to the Declaration of Yuka Teraguchi, filed with this Opposition.

Cellspin's sole evidence of the alleged difference between index funds and mutual funds, a pair of articles published by unofficial commercial sources, acknowledge that index funds can be mutual funds. (*See, e.g.*, D.I. 366-2 (Garteiser Decl.) Ex. 30 at 1 ("The thing is, sometimes index funds are mutual funds and sometimes mutual funds are index funds.").)

More importantly, the Committee on Codes of Conduct Advisory Opinion No. 106 confirm that a standard index fund such as the Vanguard fund is a "mutual or common investment fund" for recusal purposes. (Ex. B at 201.) The Opinion states:

> Although the Code does not define "mutual or common investment fund," determining whether a fund qualifies for the safe harbor contemplated under Canon 3C(3)(c)(i) involves several related considerations, including: (1) the number of participants in the fund; (2) the size and diversity of fund investments; (3) the ability of participants to direct their investments; (4) the ease of access to and frequency of information provided about the fund portfolio; (5) the pace of turnover in fund investments; and (6) any ownership interest investors have in the individual assets of the fund.

(*Id.*) Each of these factors undercuts Cellspin's claim that the Vanguard fund is not a mutual fund. First, the Vanguard fund is a freely traded index fund that is open to the general public, and thus has thousands of investors. Second, it is also large and diverse, with 7,877 holdings as of December 31, 2022. (Ex. C.) Non-defendant Nikon Corporation is just one of those companies, and nowhere near the top in terms of shares or invested market value. (*See* Ex. D at 42.) Third, participants have no ability to direct their investments; the fund is managed by the Vanguard Equity Index Group, including Portfolio Managers Michael Perre and Christine D. Franquin. (*Id.*) In fact, this directly contradicts Cellspin's unsupported claim that since "nobody is managing the fund," "everybody is managing it (including Judge Gonzalez Rogers)." (Mot. at 20.) Fourth, information about the Vanguard fund and its portfolio is readily available, both through Vanguard's public disclosures (*see, e.g.*, Ex. D (identifying each of the nearly 8,000 stocks in the portfolio)) and through the SEC (*see* Ex. E). Fifth, the turnover rate is relatively low, at 5.1% for the fiscal year ending October 31, 2022. (Ex. C.) And sixth, investors have only indirect interests in individual assets, via shares of the fund itself.

The Vanguard fund is not unusual in these regards. As the Advisory Opinion notes, "most

mutual funds that are registered with the Securities and Exchange Commission and sold to the public as mutual funds will likely meet the criteria above." (Ex. B at 201.) The Vanguard fund is registered with the SEC (*see* Ex. E), and its registered profile can be accessed by searching the SEC's mutual fund database for the name "Vanguard Total International Stock Index Fund." (Ex. F.). Ignoring all of this, Cellspin offers only its subjective interpretations of the terms "index fund" and "mutual fund," and does not explain why they are relevant under the statute. (Mot. at 18-20.)

It is abundantly clear that the Vanguard fund is a "mutual or common investment fund" within the meaning of Section 455(d)(4)(i), and ownership of the fund does not create a financial interest that could warrant recusal. Accordingly, courts in this District have treated index funds as mutual funds for purposes of Section 455. *See, e.g.*, *David v. GMAC Mortg., LLC*, No. C 11-2914 PJH, 2011 WL 6078272, at *1 (N.D. Cal. Dec. 6, 2011) (referring to the Vanguard 500 Index Fund as a "mutual fund" and concluding that, had the defendant been listed, the judge's investment in the fund would not have constituted a "financial interest"). Therefore, the Judge's investments in the Vanguard fund cannot be the basis for recusal.

### B. The Judge Has No Financial Interest in Google Through Nikon

In a single, unsupported, and unexplained sentence, Cellspin further argues that the Judge should recuse herself and vacate the judgment in favor of Nikon because the accused "Nikon Image Services use Google services for user data," making Google "a party through Nikon." (Mot. at 26.) Cellspin appears to be referring to Nikon Image Space, a photo storage service that non-defendant Nikon Corporation offers. But Cellspin never explains what "Google services" it is referring to, how Nikon Image Space uses those unnamed services, or how such use could have any possible bearing on the Judge's spouse's alleged financial interests in Google. Thus, Cellspin fails even to articulate a coherent basis for recusal under this "Nikon Image Services" theory, let alone one that warrants recusal and vacatur.

## III. Cellspin Motion Is Unreasonably Late

The Financial Disclosure Report on which Cellspin bases its motion is dated October 27, 2021. (*See* Garteiser Decl. Ex. 17.) At that time, the parties were in the midst of expert discovery. Then fifteen months passed, during which the parties briefed dispositive motions, the Court decided

summary judgment in favor of Nikon, the Court entered judgment, the parties briefed and the Court decided Nikon's motion for attorneys' fees, Cellspin noticed its appeal of judgment to the Federal Circuit, and Cellspin filed its opening appellate brief. Only then did Cellspin file this present motion for the extraordinary remedies of recusal and vacatur. Cellspin makes no attempt to explain this delay.

Such delay would preclude vacatur, even if there were a violation of Section 455 (there is not). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 867-68 (1988) ("It is therefore appropriate to vacate the judgment unless it can be said that respondent did not make a timely request for relief."). In fact, courts have denied Section 455 motions under similar circumstances—a party waiting until after the case was on appeal to move for recusal. *See, e.g.*, *Oglala Sioux Tribe of Pine Ridge Indian Rsrv. v. Homestake Min. Co.*, 722 F.2d 1407, 1414 (8th Cir. 1983) ("[A] timeliness requirement is appropriate, especially in this case where the Oglala Sioux were aware of the alleged grounds for disqualification at the time the case was assigned to Judge Bogue, but the suggestion for disqualification was not raised until this appeal."); *see also In re United Shoe Mach. Corp.*, 276 F.2d 77, 79 (1st Cir. 1960) ("One of the reasons for requiring promptness in filing is that a party, knowing of a ground for requesting disqualification, cannot be permitted to wait and decide whether he likes subsequent treatment that he receives."). The Court should do so here.

## IV. Conclusion

For the forgoing reasons, the Court should deny Cellspin's motion for recusal and request for vacatur.

Dated: February 3, 2023

MORRISON & FOERSTER LLP

By: */s/ Yuka Teraguchi*
Yuka Teraguchi

Attorneys for Defendants
NIKON AMERICAS INC. and
NIKON INC.